## McColligan v. Gaffney et al.

*William Zacharellis*, for plaintiff.
*Edward J. Kelly*, for defendant.
*James W. McNulty*, for city.
*Phillip V. Mattes*, for county.

EAGEN, J., July 31, 1950.—Plaintiff in this case, Kathryn McColligan, avers in her complaint against defendant, John Gaffney, that on or about February 15, 1948, she fell upon the sidewalk abutting premises at 313 North Chestnut Street, now known as St. Frances Cabrini Avenue, in the City of Scranton, sus-

taining injuries, and that her fall was caused: (1) By a hole or depression in the sidewalk, and (2) by reason of an icy condition upon the sidewalk caused by the freezing of water discharged from the premises of defendant through a pipe upon the sidewalk. Defendant has brought in by scire facias proceedings the County of Lackawanna and the City of Scranton as additional defendants. Both the city and the county have filed preliminary objections. It is upon these preliminary objections that the case is now before the court.

The preliminary objections filed by the city aver the failure of plaintiff to notify the city of her claim within six months of the origin of her cause of action in accordance with the provisions of the Act of July 1, 1937, P. L. 2547, sec. 1, 53 PS §2774. Those filed by the county, in addition to raising the question of failure to give notice as aforesaid, contend that the county is immune from tort liability because in its ownership and control of the property involved it is acting in governmental capacity. We believe that the preliminary objections of the county must be sustained under the pleadings upon the question of its governmental functions without passing upon the question of failure of notice to it.

The question of governmental functions as to counties was discussed and determined in Hartness v. Allegheny County, 349 Pa. 248, where it was held:

"A county is not a municipal corporation but a political subdivision of the Commonwealth; and as such is largely invested with the latter's immunity from tort liability." (Syllabus.)

As a political subdivision of the Commonwealth, a county is a governmental agency for the collection of taxes and under the provisions of section 10 of the Act of May 29, 1931, P. L. 280, is required as such agency to bid in at tax sale all properties upon which taxes

have become delinquent, when no other bidder offers a sufficient bid. In accordance with the mandatory provisions of that act, Lackawanna County acquired title to the property at 311 North Chestnut Street and as far as the pleadings show, made no proprietary or business use thereof. Had the county leased the premises or derived a profit therefrom, a different situation might arise: Bell et ux. v. Pittsburgh et al., 297 Pa. 185, 191; Presbyterian Hospital in Philadelphia et al. v. Philadelphia et al., 329 Pa. 337, 340. In the absence of such proprietary use, the county merely exercised its governmental functions and no tort liability attaches thereto.

The preliminary objections of the City of Scranton rest upon a slightly different basis; therein no allegation of governmental duty with consequent immunity from tort action is set forth. The objections are predicated solely upon failure of either plaintiff in her complaint or original defendant in his complaint on scire facias to set forth that notice of the claim had been given to the City of Scranton in accordance with the Act of July 1, 1937, P. L. 2547, 53 PS §2774. The relevant portion of the act is as follows:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. . . ."

We note from the wording of the act that the legislature makes a distinction between the "date of origin of claim" and the "date of the negligence complained of" which distinction must have been made with legis-

lative intent and for a purpose. Our courts in the cases under this act which have been brought before them have ruled as if the date of the negligence complained of and the date of the origin of the claim were of necessity the same, viz., the date of the happening of the occurrence for which damages are claimed. Under the cases so ruled such was the case, for plaintiffs were the persons to whom the injuries occurred and their claims originated with those injuries.

In the case at bar, however, we have a plaintiff who brought suit against an individual for damages caused by a fall on the sidewalk abutting on his property; she did not sue the city nor give the city any notice of her claim. She is barred from any action against the city, more than two years having elapsed since the happening of the accident.

Her complaint against defendant Gaffney was filed October 20, 1949. On January 6, 1950, original defendant (Gaffney) brought in the City of Scranton and Lackawanna County as additional defendants and filed his complaint against additional defendants, all within six months of the date of filing the complaint against him. This question is thus raised, "When did the claim of John Gaffney against the City of Scranton originate?"

Obviously, his claim did not originate with the happening of the accident to plaintiff, Kathryn McColligan, he did not fall or sustain injury, nor did he have notice of any claim against him until Kathryn McColligan's complaint was filed. His claim against the city, if any, must be based upon the action brought against him and we believe that the date of origin of his cause of action against the city was the date upon which the complaint was served upon him, viz., October 20, 1949. If, then, he filed his scire facias proceedings and complaint against the City on January 6, 1950, he was well within the six months' period required for notice, nor

was he required to set forth in his complaint that such notice had been given; filing suit within six months of the origin of the cause of action is sufficient: Lutz v. Scranton, 140 Pa. Superior Ct. 139; 13 A. (2d) 121.

### Order

Now, July 31, 1950, preliminary objections of Lackawanna County based on denial of liability in tort are sustained. Preliminary objections of the City of Scranton are dismissed, the City of Scranton to answer on the merits within 20 days.